## Electric Storage Battery Co., Appellant, *v.* Sechrist.

*Bills and drafts—Trade acceptances—Payments—Issue of fact—Case for jury.*

In an action of assumpsit on a trade acceptance, the case is for the jury and a verdict for defendant will be sustained, where the issue is one of fact as to the manner and time when the instrument was alleged to be paid.

*Trials—Order of proof—Offer—Judicial discretion.*

The order of proof is largely a matter for the discretion of the trial judge. When a party has made an offer which is relevant in part only, the court is not bound to separate the good from the bad, but may reject it as a whole.

Argued March 12, 1925. Appeal No. 8, March T., 1925, by plaintiff from the judgment of C. P. York County, January T., 1923, No. 54, in the case of The Electric Storage Battery Company v. W. W. Sechrist. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit on trade acceptance. Before Ross, J.

The acceptance was in the following form:

"$308.95          Philadelphia, November 14th, 1917.
     Thirty days from date pay to the order of
          The Electric Storage Battery Co.
Three Hundred Eight ................95-100 Dollars
     The obligation of the acceptor hereof arises out of the purchase of goods from the drawer.
                    The Electric Storage Battery Co.
                              Clarence Kaeber,
                                   Credit Manager.
To W. W. Sechrist,
     Dallastown, Pa.
No. 104."

(Across the left end of the paper, and a part thereof, is the following:)
               "NO PROTEST
          Take this off before presenting.

------------

          "The Electric Storage Battery Co.
          Allegheny Ave. & 19th Street.
               "TRADE ACCEPTANCE.
"Accepted  ................................19...

"Payable at (Designate Bank or) First National Bank

(Place of Payment) Dallastown, Pa.
(Signature) W. W. Sechrist."

The facts are stated in the opinion of the Superior Court.

Verdict for defendant and judgment thereon. Plaintiff appealed.

*Errors assigned* were various rulings on evidence, as quoted in the opinion of the Superior Court.

*John A. Hoober,* for appellant.

*W. F. Bay Stewart,* and with him *Frederick B. Gerber,* for appellee.

OPINION BY LINN, J., October 6, 1925:

Appellant's argument does not furnish sufficient reason to order this case to be tried again. It was a suit on a trade acceptance which will be found in the reporter's statement of the case,—a draft at 30 days, dated November 14, 1917, payable at a bank in Dallastown, Pa. The defense was payment at appellant's home office in Philadelphia in November, 1917. Appellant put the draft in evidence, and called a witness who testified he was assistant credit manager of appellant and (1) that its records showed the draft was unpaid, and (2) that the bank in 1922, had written to appellant that "it had been presented for payment and [had] not [been] paid." He explained the delay in attempting to collect by stating that "the item in question was lost sight of due to conditions we were compelled to work under at that time on account of lack of experienced help;" that it was discovered to be unpaid by an audit of appellant's accounts made in 1922.

The defendant and a witness who corroborated him, described with much detail, that in November 1917, he paid the account to an employee in the cashier's department of appellant's home office, and got a receipt therefor; that he did not receive back the draft, because it was not then in the cashier's possession, and that some time afterward the receipt was destroyed, in circumstances described. Defendant also offered in evidence 12 exhibits—issued by appellant to defendant between December 31, 1917, and December 31, 1921,—some were monthly statements showing balance at their respective dates, and others were credit memoranda; none of them made any reference to the account in suit or to the over-due acceptance. The cashier of the bank testified that in March 1922, in consequence of a letter from appellant inquiring about what the bank had done with the draft, and desiring to know the status of the matter at that time, he called on defendant and demanded payment and was informed by defendant that the account had been paid.

Now even an inexperienced observer will see that in the light of the statements of account containing no reference to this debt, where, if it existed one would expect to find some reference to it, a jury might readily credit the testimony of the defendant and the eye witness to the alleged payment. Realizing that likelihood, appellant proposed to counteract the possibility by re-calling its assistant cashier in rebuttal. So re-called, he testified that he had heard defendant testify how he had paid the amount due, but that it would have been impossible so to make payment; that the physical conditions in appellant's office building and the relations of its employees to the situation were not as described by defendant in respects specified by the witness. It is at this point in the record that the only controversy appears which needs notice here. After the assistant cashier had so testified in rebuttal, appellant made an additional offer of proof (occupying a printed

page of the record), which was objected to and rejected as containing some matters which were not rebuttal. Some of them were and some were not; for example, it is to be noted that Cabeen had testified in chief, that he was assistant cashier, so that it was unnecessary to repeat it; again, the witness having testified that he was not present at the time in question, could not know that the cashier "from the hour of 12 to 1 had the safe closed always"......; it was therefore useless to ask him. These matters, taken from the offer at random, are not of substantial significance, but as the order of proof is largely within the judicial discretion of the trial judge (Hoffman v. Berwind-White C. M. Co., 265 Pa. 476, 485), and as we are asked to reverse for abuse of such discretion, and again to subject the defendant to another trial, we note that appellant chose to stand on the offer as made after attention was called by the trial judge to its defects. In such circumstances, we are not prepared to say that he misapplied the rule that "when evidence offered is relevant in part only, the court is not bound to separate the good from the bad, but may reject it as a whole": Hunter v. Bremer, 256 Pa. 257, 267.

Judgment affirmed.